## PUBLICATION IN ATTACHMENT.

Common Pleas Court of Hamilton County.

ALFRED R. MILLER v. M. VELDHUYZEN, VAN ZANTEN AND ZONEN.

Decided, October, 1912.

*Attachment—Affidavit for Publication Defective, When—Statutory Provissions Must be Strictly Followed—Section 11292, Relating to Service by Publication.*

1. In an action in attachment the affidavit for publication can not be assisted by the affidavit for attachment or by the petition, but each of the three must be sufficient in itself for the purpose which it fulfills.

2. An affidavit for publication in an attachment proceeding is insufficient if it neither refers to Section 11292 by number, or states that the action is one in which it is sought by a provisional remedy to take or appropriate the property of another, and service obtained under such an affidavit is open to a motion to quash.

*Cobb, Howard & Bailey,* for the motion.
*Charles A. J. Walker,* contra..

DICKSON, J.

The defendant is a non-resident.  The plaintiff sues for damages for breach of a contract for goods sold and delivered.  At the same time an affidavit in attachment was filed—then an affidavit for service by publication, upon which publication was had.

The court has heretofore found that the affidavit in attachment was fatally defective, hence void, and ordered the property released.

A new affidavit in attachment is filed.

A second publication for service has been had without a new affidavit therefor.

The defendant without entering its appearance, moves to vacate the service by publication because the affidavit for publication became void with the defective affidavit in attachment.

As against non-residents an action may obtain *in rem,* if there be grounds for attachment stated properly in an affidavit, and service may be had by publication by means of a proper affidavit.

The action *in rem* is strictly a statutory provisional remedy and must be strictly followed and strictly construed.

Without the necessary affidavit in attachment there can be no service by publication.

To obtain a judgment *in rem* there must be both the affidavit in attachment and the affidavit for publication. Unless both be valid the action fails.

The motion to quash the service on the ground named in the motion will be granted.

The court is also of the opinion that the affidavit for service by publication is insufficient because it neither refers to Section 11292, General Code, by number, nor does it state the action is one in which it is sought by a provisional remedy to take or appropriate property of another.

The affidavit for publication can not be assisted by the affidavit for attachment or by the petition. In attachment the petition and two affidavits must each be sufficient in itself for its purpose.

The motion to quash the service will also be granted because the affidavit for publication is defective.